**H. K. PORTER CO., Inc. v. BREMER et al.**

Civ. A. No. 27444.

United States District Court
N. D. Ohio, E. D.

Nov. 29, 1951.

See also, 11 F.R.D. 89.

Harrington, Huxley & Smith, Norman A. Emery, Jay C. Brownlee, Youngstown, Ohio, for plaintiff.

Osborne Mitchell, Mitchell, Mitchell & Reed, Youngstown, Ohio, for defendant.

Osborne Mitchell, Youngstown, Ohio, for intervenor.

JONES, Chief Judge.

This is an action for alleged breach of a purchase and sale agreement involving the capital stock of the Quaker Rubber Corporation. Defendants, R. P. Bremer and W. P. Cline, the sellers, warranted to H. K. Porter Company, plaintiff, that the balance sheet and profit and loss statement of October 31, 1941, "fairly and substantially represented the financial condition of the Quaker Rubber Corporation", and they further warranted that the inventories shown in the balance sheet were valued at cost or market, whichever was lower. H. K. Porter Company, plaintiff, now claims that the balance sheet overstated the inventories, and that the warranties were breached in other respects.

To prepare their defense, defendants have taken depositions of three officers of the plaintiff corporation. They also have conducted an audit of the books of the plaintiff corporation and have examined the inventory. They assert, however, that these discovery proceedings did not uncover sufficient information to enable them to prepare their defense. Consequently, they have served numerous interrogatories upon the plaintiff. Plaintiff objects to all of the interrogatories on the grounds (1) that they are burdensome and vexatious, (2) that they can only be answered by reference to records heretofore made available to defendant, and (3) that certain of the interrogatories call for opinions.

These objections by plaintiff raise difficult questions.

Generally, this court will not require a party to examine its own records, and compile and correlate information

therefrom for the benefit of the opposing party when that party has a right to inspect the records. In the present case, however, it is apparent that unless plaintiff is required to state what items of inventory it claims were overvalued, an inspection of the records will not accomplish much and defendants will be forced to compile a mass of cost and price data on every item of the inventory in order to prepare an effective defense.

An important purpose of the discovery rules is to simplify and clarify the issues before trial. To carry out this purpose in the present case the court will order that plaintiff furnish a statement of the items of inventory it claims were overvalued, together with a reasonable identification of each item.

Defendants charge, and plaintiff does not deny, that records covering the sale or other disposition of certain items of the inventory by plaintiff were not produced. Defendants are entitled to inspect these records and they should be produced.

In view of the foregoing, the need for interrogatories 1 through 8 is obviated. These interrogatories need not be answered. Of the remaining interrogatories, 10, 11, 12, 13, 14, 15, 16 and 17 should be answered, except that plaintiff need not state what effect a write down in the book inventory value might have had on the federal and state income tax liabilities of the corporation for the year 1949 (interrogatory 10).

Objection to interrogatory 9 will be sustained.