Antonio DaSILVA

v.

MOORE–McCORMACK LINES, INC.

Civ. A. Nos. 43882, 43883, 43854.

United States District Court
E. D. Pennsylvania.

March 12, 1969.

Paul M. Goldstein, Philadelphia, Pa., for plaintiff.

Robert N. Ferrer, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

FULLAM, District Judge.

These cases are presently before the Court on defendant's objections to additional interrogatories 41, 42, and 43 propounded by the plaintiff pursuant to Fed.R.Civ.P. 33. Defendant takes a two-fold position: the interrogatories are not designed to elicit evidence "relevant to the subject matter involved in

the pending action", (Fed.R.Civ.P. 26(b)) and if the information is relevant, the interrogatories are so broad as to work oppression and a hardship on the defendant. See Fed.R.Civ.P. 30(b). On the other hand, the plaintiff contends that the information is relevant, and that, therefore, he is entitled to complete answers to the interrogatories.

Plaintiff's interrogatories are designed to explore the relationship of the corporate defendant to a named medical expert, apparently in order to elicit facts which can be used to impeach the credibility of the expert by showing a continuing business relationship which, by inference, might show a bias on the expert's part. Two leading scholars in this area, Professors Wright[1] and Moore[2], support the plaintiff's general proposition that facts relating to impeachment are proper matters of discovery under Rule 26(b). I adopt the same view. See Independent Productions Corp. v. Loew's, Inc., 22 F.R.D. 266 (S. D.N.Y.1958); McNenar v. New York, Chicago, and St. Louis Ry. Co., 20 F.R. D. 598 (W.D.Pa.1957). However, this does not end the inquiry necessary to rule upon the validity of defendant's objections.

Interrogatories 41 and 42 present identical issues, and will be considered together. Number 41 is addressed to referrals for physical examinations and 42 relates to referrals for x-ray examinations made over a three-year period by the defendant to the medical expert. Sub-parts (a) through (d) respectively request information relating to the date of examination, the party and his address, the law firm or other representative making the referral on the defendant's behalf, and the reports submitted in connection with these examinations. From the point of view of relevancy and oppression, it is clear that the defendant's objections must be sustained. Most of this information would shed little light upon the relationship between the defendant-corporation and the medical expert; much of it is privileged from disclosure to this plaintiff; and none of it is sufficiently related to the issue of possible bias to justify putting the defendant to the inconvenience and expense of assembling the information.

As to the initial requests of interrogatories 41 and 42 for the number of seamen-claimants examined, and the request of sub-part (e) of each of these interrogatories for the medical expert's charges for each claimant examined, different issues are presented. One need only review the statistical data of the cases pending in this District to conclude that a three-year period is unreasonably burdensome. Beyond this, it would seem that requiring an itemized list of charges for each examination is irrelevant. Some approximation of the total billings of one medical expert over a reasonable period might be proper; however, since the current motion does not raise such an issue, I refrain from suggesting what might be permissible. Defendant's objections to interrogatories 41 and 42 will be sustained in their entirety.

Interrogatory number 43 requests the defendant to list all medical experts, other than the individual doctor referred to in interrogatories 41 and 42, to whom it has referred claimants for examination over the last three years, and the names of these claimants. This information is irrelevant, and, obviously, the interrogatory is unduly burdensome.

1. C. Wright, The Law of Federal Courts 309 (1963).

2. 4 J. Moore, Federal Practice § 26.16, at 1182–83 (2d ed. 1968).