**UNITED STATES of America, Plaintiff,**

v.

**INTERNATIONAL BUSINESS MACHINES CORPORATION, Defendant.**

**No. 69 Civ. 200 (DNE).**

United States District Court,
S. D. New York,
Civil Division.

Nov. 8, 1974.

Raymond M. Carlson, Washington, D.C., for plaintiff.

Cravath, Swaine & Moore, Thomas D. Barr, New York City, for defendant.

Barrett, Smith, Schapiro & Simon, Michael F. Armstrong, New York City, for deponents.

## MEMORANDUM

EDELSTEIN, Chief Judge:

The instant motion arises out of pretrial discovery proceedings in the above captioned action. Defendant International Business Machines Corporation (IBM) has moved this court for an order (1) compelling Richard C. Steadman and Don E. Ackerman to answer certain questions their counsel instructed them not to answer during oral deposition[1] or in the alternative (2) striking their names from the Department of

1. The contested questions are fully set forth in Exhibits A and B of the Affidavit of Joseph R. Sahid.

Justice's list of witnesses and precluding the Department of Justice from using their testimony at trial. Relief is sought pursuant to Fed.R.Civ.P. 37(a)(2).

Messrs. Steadman and Ackerman are partners in the private New York investment firm J. H. Whitney & Co. (Whitney). Defendant's affidavit attests that Whitney has increasingly invested in the electronic data processing (EDP) industry and has provided "seed money" of a few hundred thousand dollars to help new companies establish themselves.[2] Both deponents have been listed as trial witnesses by the plaintiff and were deposed by IBM on June 28, 1974 and on July 1, 1974 respectively. During the depositions, the witnesses were instructed not to answer questions relating to (a) the nature and extent of Whitney's investments in certain EDP companies; (b) Whitney's revenue and profit from its investments in EDP companies and the proportion of its total revenues derived from those investments; (c) the profits the witnesses themselves derived from Whitney's investments in EDP companies; (d) the amount STC pays Steadman; and (e) the capital these companies have successfully raised.[3]

Defendant predicts that plaintiff will solicit Messrs. Steadman's and Ackerman's views regarding the EDP industry formed as a result of their own and Whitney's investment activities. IBM alleges that any testimony by the deponents would be biased since it says it is "clear" that Whitney, and therefore Messrs. Steadman and Ackerman, could benefit financially from a decision adverse to IBM. Given the witnesses' "obvious financial stake" in the outcome of the litigation, defendant feels the witnesses' testimony at trial needs to be tested by "intelligent and informed" cross-examination to establish the nature and extent of their biases.

Since the depositions the deponents have conceded to provide most of the information requested by the defendant. In fact, Mr. Ackerman has agreed to answer all the questions asked of him. Accordingly, this motion with respect to Mr. Ackerman no longer applies to him. Essentially, the deponents will provide all profit and loss information regarding the total value of EDP investments during the last five years. Mr. Steadman will reveal the compensation he has received as a board member of EDP companies. The questions Mr. Steadman refuses to answer would pro-

---

2. Reports filed with the Securities and Exchange Commission, asserts defendant, show that Whitney invested approximately $220,000 in Storage Technology Corporation (STC) in November 1969. This investment permitted STC to commence its business of manufacturing and marketing peripheral equipment plug compatible with systems made by IBM and others. Since its incorporation, STC's revenues have increased from approximately $3.6 million in 1971 to $56.6 million in 1973. Originally a supplier of tape equipment, STC has now begun marketing disk equipment and, according to defendant, is to expand its product line even more in the future.

3. During the deposition of the two witnesses counsel for the deponents invoked Pretrial Order No. 13 as Amended in raising their objections to questions calling for allegedly confidential information. Pretrial Order No. 13 as Amended provides, *inter alia*, that if

during the deposition of a nonparty witness the witness objects to public disclosure of information specifically designated as being confidential, the deposition shall continue as to all matters not so designated, but that as to the designated confidential matters, the deposition may be adjourned or recessed upon the consent of the witness that he will reappear at an agreed upon date. The witness may thereupon move this court for such relief as he deems necessary. Neither during nor at the termination of the depositions here in question was an adjournment agreed upon or a reappearance date set. Only the prospect of such an adjournment was discussed between defendant's counsel and counsel for Mr. Steadman. Affidavit of Joseph R. Sahid, Exhibit C at 47. No date, however, was set. As between Mr. Sahid and Mr. Ackerman's counsel Mr. Armstrong, no similar reference was made to a reappearance date after objection was made pursuant to Pretrial Order No. 13 as Amended.

vide information in two general areas: (1) information revealing the total value of the Whitney investment portfolio and Whitney's total profits and total losses and (2) information revealing partners' contribution to partnership capital and the manner of dividing partnership profits at Whitney.[4] Whether this information should be made available to IBM is the subject of this opinion.

■ Deponent argues summarily that IBM has not satisfied its burden of showing relevance so as to outweigh Whitney's interest in protecting its privacy. Although this court has reiterated both orally and in formal opinions that the range of discovery permitted by Fed.R.Civ.P. 26(b)(1) is exceedingly broad, it would appear that further emphasis would be beneficial. In complex litigation such as the instant case questions of relevancy have generally not impeded discovery. The disposition of the case must result from an accurate presentation and review of all the facts. This court has emphasized that discovery is to be considered relevant where there is *any possibility* that the information sought may be relevant to the subject matter of the action. United States v. International Business Machines Corp., 69 Civ. 200 (S.D.N.Y., filed Jan. 17, 1969) (Endorsement on the application of plaintiff filed Oct. 29, 1974); United States v. International Business Machines Corp., 69 Civ. 200 (S.D.N.Y., filed Jan. 17, 1969) (Opinion on the application of defendant filed Aug. 2, 1974); Mallinckrodt Chemical Works v. Goldman, Sachs & Co., 58 F.R.D. 348, 353 (S.D.N.Y.1973).

■ Rule 26 contemplates that if discovery is contested the discovering party has the burden of demonstrating that the information sought is relevant to the subject matter of the pending action. IBM has satisfied this burden. It states that it needs the contested information to prepare properly for cross-examination and to "establish the nature and extent of [the deponents'] biases." In fact, one of the purposes of discovery is to obtain information for use on cross-examination and for the impeachment of witnesses. Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947); DaSilva v. Moore-McCormack Lines, Inc., 47 F.R.D. 364 (E.D.Pa.1969); Broadway & Ninety-Sixth St. Realty Co. v. Loew's Inc., 21 F.R.D. 347 (S.D.N.Y. 1958). The credibility of a witness' testimony is of the utmost importance since to evaluate the state of proof one must determine which evidence and what testimony is believable. In measuring the credibility of a witness' testimony, it is thereby important to search out which such testimony is biased by personal motives and the force of any motives and to explore a witness' interest

4. In July 1974 the parties approached a settlement disposing of all the contested areas of the deposition, but the settlement was never finalized. It would have apparently provided all the information Whitney is now willing to reveal, but in place of questions which Messrs. Steadman and Ackerman had refused to answer relating to their specific shares of partnership income, the details of the Whitney partnership agreement and the overall revenue and assets of Whitney, IBM counsel proposed the following stipulation:

Steadman and Ackerman stipulate and agree that Whitney's investments in some of IBM's competitors in the EDP industry are a significant part of Whitney's total portfolio; that these investments give Whitney and Whitney partners, including Steadman and Ackerman, a significant financial interest in the outcome of this litigation; and that insofar as their testimony at trial might in any way lead to the court's imposing restrictions on IBM that would weaken IBM's competitive position in the EDP industry or restrict IBM's ability to compete in the future in that industry Whitney, Steadman and Ackerman would stand to profit thereby.

Since Whitney felt that the second half of the paragraph relating to Whitney's alleged bias did not accurately represent Whitney's position, it was suggested that the stipulation be modified to terminate the paragraph in question after the words "a significant financial interest in the outcome of this litigation. . . ." This amendment, however, was unacceptable to IBM.

in the outcome of a case and the extent of that interest. Thus, it would follow that the nature and the extent of a witness' motives and his interest in the outcome of the case bear importantly upon an evaluation of the witness' objectivity, his bias, and the weight to be accorded his testimony. But this is not to suggest an unlimited, far-ranging incursion where countervailing facts, not here present, exist.

Deponents will reveal the extent of Whitney's involvement in the EDP industry. Affidavit in Response to Defendant's Motion to Compel Testimony at 6–7. Additionally, IBM will learn what compensation Mr. Steadman has received as a director for EDP companies.

Although this information may tend to establish Whitney's importance in the venture capital investment business and may tend to highlight the general significance of its investments in the EDP industry, IBM asserts that adequate cross-examination and an evaluation of possible bias cannot be had unless it additionally receives information revealing the proportion of Whitney's investment portfolio represented by EDP investments and the proportion of Whitney's total profits and losses represented by EDP profits and losses. Moreover, IBM seeks information revealing partners' contribution to partnership capital and the manner of dividing partnership profits at Whitney. Thus, this court concludes that IBM has made a sufficient showing of relevancy in support of this motion.

Furthermore, the information which IBM seeks is not proscribed from discovery by Fed.R.Civ.P. 26(b)(1) and good cause has not been shown to the satisfaction of the court that the information IBM seeks is entitled to protection under Fed.R.Civ.P. 26(c). Aside from a general discussion upon the subject of protecting sensitive commercial information deponent does not demonstrate that allowing discovery will cause him or Whitney annoyance, embarrass-

ment, oppression, or undue burden or expense. It is clear from the record that any possible detriment to the deponent is outweighed by the importance of this discovery to the complete presentation of all relevant information and by the importance to the public of this government antitrust suit.

Defendant's motion for an order compelling Messrs. Steadman and Ackerman to answer certain questions is granted.

So ordered.