**Biswanath HALDER, Plaintiff,**

v.

**INTERNATIONAL TELEPHONE AND TELEGRAPH CO., Defendant.**

**No. 74–C–1532.**

United States District Court, E. D. New York.

Feb. 28, 1977.

Biswanath Halder, pro se.

Michael R. Treanor, Madden, Plunkett, Wetzel & Scott, New York City, for defendant.

MISHLER, Chief Judge.

Plaintiff moves, pursuant to Rule 33(a) of the Federal Rules of Civil Procedure, for an order compelling defendant to answer interrogatories.

These interrogatories were first filed on January 27, 1975. A motion filed by plaintiff to compel answers was deferred by this court pending the resolution of defendant's summary judgment motion, which ultimate-

ly was denied. On February 10, 1976, the defendant was orally directed to answer the interrogatories in accordance with our decision in *Halder v. Sperry Rand*, 74–C–1069 (E.D.N.Y. June 12, 1975). Answers to the interrogatories were served and filed on December 30, 1976.

Of the nine interrogatories filed by plaintiff, defendant answered without objection numbers 1, 2, 3, 7 and 8. Plaintiff does not specify whether these answers are objected to as incomplete, and therefore we assume that he seeks responses to the unanswered interrogatories, numbers 4, 5, 6 and 9. These interrogatories seek, *inter alia*, the following:

*No. 4*: the details of every advertisement by ITT since 1969 to recruit computer programmers, and the details of every response to these advertisements.

*No. 5*: the background and work responsibilities of every computer programmer hired by ITT since 1969.

*No. 6*: the background and work responsibilities of every computer programmer currently working for ITT.

*No. 9*: the name and address of every minority applicant (since 1969) for a position with ITT, who was refused employment for any reason.

In *Halder v. Sperry Rand Co., supra*, identical requests for interrogatories were denied by this court:

> Obviously, to provide this information would impose a substantial burden on defendant. In these circumstances, it is necessary to balance the burden which answering these interrogatories would place on defendant, against the value of the answers to plaintiff's case. *See, Da Silva v. Moore-McCormack Lines, Inc.*, 47 F.R.D. 364 (E.D.Pa.1969). In this respect, it is evident that the effort which would be required to gather and assimilate the information plaintiff requests far outweighs the limited probative value this information would have on his case. *Id.* Furthermore, even though the requested information is in defendant's control, he should not be forced to engage in exten-

sive research and compilation, particularly when the purpose of the effort is to assist plaintiff in the preparation of his case. *E. g., Fischer & Porter Co. v. Sheffield Corp.*, 31 F.R.D. 534, 537–38 (D.Del. 1962). Instead, where the data is available to plaintiff, either by consent of defendant (as is the case here) or by means of the appropriate discovery motion, this party should assume the burden of locating and assimilating the information he desires. *H. K. Porter Co. v. Bremer*, 12 F.R.D. 187 (N.D.Ohio, 1951).

> The defendant has demonstrated that these interrogatories are unduly burdensome, and the motion to compel defendant to answer them is denied.

*Id.* at 4–5. Moreover, the plaintiff has not made use of the discovery granted him by the oral ruling of February 10, 1976. Pursuant to that ruling, the defendant offered the plaintiff the opportunity to inspect records maintained by ITT with respect to the nationality of its computer employees. The offer remains unaccepted.

In his motion, plaintiff raises the defendant's delay of ten months in filing its answers to the interrogatories. Although defendant should have answered the interrogatories sooner than it did, plaintiff has not demonstrated any prejudice because of the delay.

For these reasons, the motion to compel answers to interrogatories is denied, and it is

SO ORDERED.