**Ari Yehuda UNGER, Plaintiff,**

**v.**

**Lawrence COHEN, et al., Defendants.**

**No. 86 Civ 5048 (SWK).**

United States District Court,
S.D. New York.

April 6, 1989.

68

Leon Friedman, New York City, for plaintiff.

Robert Trachtenberg, Asst. Corp. Counsel, Law Dept. New York City, for defendants.

## MEMORANDUM OPINION AND ORDER

BARBARA A. LEE, United States Magistrate.

This is a civil rights action under 42 U.S.C. § 1983 against the City of New York and two of its police officers. Plaintiff sought production, pursuant to Fed.R. Civ.P. 34, of personnel and other records of the individual defendants, to which the defendants objected on various grounds. The parties submitted the documents in question to the Hon. Shirley Wohl Kram, U.S. D.J., who referred the discovery dispute to me by Order of Reference entered May 16, 1988. A separate Order of Reference dated October 4, 1988 referred the case for settlement purposes. For the reasons hereinafter stated, defendants' objections to production are sustained as to medical records and overruled as to all other documents in issue.

## BACKGROUND

The complaint alleges that on July 1, 1985, plaintiff was at his place of business in the Bronx when he was approached by the individual defendants Cohen and Freedman, who were on duty as police officers. They told him to move a car from in front

of his business, which he said was not his. The officers returned a short time later and the same conversation was repeated. This time, the officers asked to see plaintiff's driver's license; handcuffed and assaulted him; arrested him, and after driving him around in the patrol car and threatening him, eventually took him to the 44th precinct station, where he was refused the opportunity to telephone a lawyer and spent the night in jail. The next day, the complaint alleges, defendant Freedman returned to plaintiff's place of business accompanied by another officer, and threatened and harassed plaintiff and his family in various ways. Plaintiff contends that the actions alleged amount to violations of various rights guaranteed by the Fourth and Fourteenth Amendments, as well as violations of the law of the State of New York.

The original Rule 34 request is not part of the record on this motion, but the documents in dispute, and defendants' objections to production are fully summarized in the letter of Assistant Corporation Counsel Robert Trachtenberg to Judge Kram, dated May 3, 1988, transmitting the documents for *in camera* inspection. The files in issue are the personnel, medical and civilian complaint files of Freedman and Cohen; the applicant investigation file of Freedman, and a psychiatric file relating to Cohen. Production is objected to on the grounds that the files are (1) "confidential" within the meaning of New York Civil Rights Law § 50–a and (2) irrelevant to plaintiff's claims.

Both parties have assumed the applicability of § 50–a, and accordingly submitted the documents for *in camera* review without briefing or indeed any record other than the brief summary of the dispute in defendants' attorney's letter. Plaintiff submitted no response, apparently resting on the agreement, recited in the letter, to submit the documents for *in camera* review by the court. Neither side has submitted any affidavit as to the facts bearing upon the defendants' claim of privilege.

## DISCUSSION

Questions of privilege in cases involving federal claims are governed by federal law. *Von Bulow v. Von Bulow*, 811 F.2d 136, 141 (2d Cir.), *cert. denied*, 481 U.S. 1015, 107 S.Ct. 1891, 95 L.Ed.2d 498 (1987); *King v. Conde*, 121 F.R.D. 180, 187 (E.D.N.Y. 1988); *Martin v. Lamb*, 122 F.R.D. 143, 145 (W.D.N.Y.1988); *Boyd v. City of New York*, No. 86 Civ. 4501 (CSH), 1987 WL 6915, 1987 U.S.Dist. LEXIS 1044; *Burke v. New York City Police Dep't*, 115 F.R.D. 220, 224–25 (S.D.N.Y.1987); Fed.R.Evid. 501. A privilege whose source is State law, whether statutory or decisional, will be recognized in a "spirit of comity" only to the extent consistent with the overriding federal policy of the civil rights laws. *King*, 121 F.R.D. 187–88, 194. To justify withholding of evidence in a civil rights action, a claim of privilege "must be so meritorious as to overcome the fundamental importance of a law meant to insure each citizen from unconstitutional state action." *Skibo v. City of New York*, 109 F.R.D. 58, 61, (E.D.N.Y. 1985) (quoting *Wood v. Breier*, 54 F.R.D. 7, 13 (E.D.Wis.1972)).

Section 50–a of the New York Civil Rights law creates no independent evidentiary privilege; all it does is establish a procedure for a preliminary judicial determination of the relevance of police files subject to disclosure in a civil action. *King*, 121 F.R.D. at 191–92; *Martin*, 122 F.R.D. at 146–47; *cf. Burka v. New York City Transit Authority*, 110 F.R.D. 660, 665 (S.D.N.Y.1986) (construing N.Y.Pub. Off.Law. § 96); *Van Emrik v. Chemung Co. Dep't of Social Services*, 121 F.R.D. 22, 25 (W.D.N.Y.1988) (N.Y.Soc.Ser.L. § 422). That procedure is not directly applicable in federal civil rights cases. *King*, 121 F.R.D. at 187; *Boyd*, 1987 WL 6915, 1987 U.S.Dist. LEXIS 1044 at 1–2; *Burke*, 115 F.R.D. at 224. The State's legitimate concern in protecting the confidentiality of police officers' personnel files from unnecessary "fishing expeditions" is, however, a proper consideration to be balanced against the plaintiff's interest in disclosure pursuant to Rule 26. *King*, 121 F.R.D. at 190–91; *Martin*, 122 F.R.D. at 146.

Judge Weinstein's recent decision in *King v. Conde* includes a comprehensive review of the case law relating to production of police files in civil rights cases, and a summary of the factors to be considered in weighing defendants' interest in confidentiality of the records against plaintiff's need for them in developing the proof of his case. The factors "disfavoring" disclosure include threats to police officers' safety; invasion of officers' privacy interest in "highly personal" information "unrelated" to acts done in their official capacity; potential weakening of law enforcement programs through disclosure of police procedures; and "chilling" of internal investigations or citizen complainant candor. 121 F.R.D. at 191–95 and authorities cited. Other factors frequently considered in this context are protection of names of informers and information affecting ongoing criminal investigations, particularly if the plaintiff is a possible target. *See, e.g., Frankenhauser v. Rizzo*, 59 F.R.D. 339 (E.D.Pa.1973); *Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D.Cal.1987).

The presence of these factors is not to be inferred from the "generalized policies" supporting the confidentiality of the records, however. *King* at 189. The defendants resisting disclosure must make a "substantial threshold showing" of "specific harms likely to accrue from disclosure of specific materials" before the court reaches the question of balancing the criminal harm against the interests favoring disclosure. *King* at 189–90; *Kelly* at 669. That "threshold showing" should be made in the form of an affidavit by the head of the department or other responsible official who is neither a defendant nor an attorney for a defendant, after independent review of the documents. *Kerr v. United States District Court*, 426 U.S. 394, 399–400, 96 S.Ct. 2119, 2122–23, 48 L.Ed.2d 725 (1976); *United States v. Reynolds*, 345 U.S. 1, 73 S.Ct. 528, 97 L.Ed. 727 (1953); *King*, 121 F.R.D. at 189; *Kelly*, 114 F.R.D. at 669. This procedure is intended to discourage "pro forma" invocation of privilege as to documents that should be disclosed. *King* at 189.

The defendants have made no such showing here. Therefore, the court has "no choice but to order disclosure," *King*, 121 F.R.D. at 189; *Kelly*, 114 F.R.D. at 669, unless defendants' objections on grounds of relevance are sustained.

1. *Personnel records.* Defendants argue in conclusory terms that these records are irrelevant to plaintiff's claims. The personnel records submitted for *in camera* inspection include information about the length of service and training of the individual defendants, as well as their periodic performance evaluations by superiors, department recognition and disciplinary actions taken. The information is clearly relevant in a § 1983 action arising out of alleged on-duty conduct. The officers' home addresses may be redacted if this information has not already been disclosed.

2. *Records pertaining to civilian complaints.* Defendants contend that "the records pertaining to civilian complaints against the officers which were not substantiated are not reasonably calculated to lead to the discovery of admissible evidence." (Trachtenberg letter, p. 1) This conclusory assertion does not follow from the premise. Civilian complaints that were abandoned or conciliated may not be admissible at trial, but that does not make them undiscoverable. The names of complainants and the circumstances of the recorded complaints, among other things, may well lead to admissible evidence. In this case, the civilian complaint files indicate some complaints against one of the individual defendants presenting certain similarities to the facts here alleged. Defendants' argument that the civilian complaints "were not substantiated," to the extent that it suggests exoneration of the defendants, is misleading. Two of the complaints appear to have been conciliated; others were closed for failure of the complainant to appear or other reasons. It is thus impossible to determine, from the administrative files alone, whether the accusations were credible or well founded. What is clear is that the information in the administrative files about these accusations is an obvious

source of "leads" which resourceful counsel may pursue to evidence bearing on intent or other facts in issue. Defendants' argument that the complaints would be inadmissible (Trachtenberg letter, p. 4), is expressly precluded by Rule 26 as an objection to discovery. The civilian complaint files should be produced in their entirety.

■ 3. *Medical/psychiatric files.* The medical files of the individual defendants do not appear to be relevant to the subject matter of this action. Without addressing the correctness of defendants' contention that defendant Cohen's "psychological records refer to psychological difficulties he experienced in 1986, well after the July 1985 incident underlying plaintiff's complaint" (Trachtenberg letter, p. 3), I find nothing in the record before me from which I could infer that defendant Cohen's medical or psychiatric condition is an issue in this case. A police officer's mental health is not placed in issue solely by virtue of allegations of excessive force. The locus of the line between discovery reasonably calculated to lead to admissible evidence and the proverbial fishing expedition is determined in large measure by the allegations of the pleading. The Complaint in this case includes no allegation warranting discovery of medical records.

By discussing the relevance of the documents with reference to their contents, I do not mean to suggest that I have applied New York Civil Rights Law § 50–a. Since the documents in question were in fact submitted to the court, albeit improperly, it would not be rational to speculate about whether they were "reasonably calculated to lead to the discovery of admissible evidence" within the meaning of Rule 26 without looking at them. I have not, however, made the specific findings of relevance, nor excisions of "irrelevant" portions, which a State judge would be required to do. Since the party objecting to disclosure has chosen to rest on general, conclusory assertions of irrelevance, there is no basis in the record for identifying specific portions to be redacted on grounds of relevance.

For the foregoing reasons, it is hereby

ORDERED:

1. The personnel records of defendants Freedman and Cohen; the "applicant investigation" file of defendant Freedman; and the civilian complaint files of defendants Freedman and Cohen are to be produced within 20 days of the entry of this Order.

2. Defendants' objections to the production of medical files of Freedman and Cohen and psychiatric files of Cohen are sustained.

3. A settlement conference will be held in Room 121, United States Courthouse, on Thursday, May 4, 1989, at 4:15 p.m. Trial counsel are required to attend, and must be familiar with the case and authorized to settle and to enter into appropriate stipulations.

4. Dates fixed by this Order may be adjourned only for good cause shown by affidavit.

It is so ordered.

The foregoing determination is made pursuant to 28 U.S.C. § 636(b)(1)(A). Any party may object to this determination by filing written objections in accordance with the procedure specified in Fed.R.Civ.P. 72(a) and Rule 7 of the local Rules for Proceedings before Magistrates.