**Robert COX, Plaintiff,**

v.

**Superintendent R.J. McCLELLAN, Sergeant Frank N. Grover, C.O. Paul F. Vandegrifft, C.O. Tracy O. Heuser, Paul Daugherty, R.N., In their individual capacities, John P. Shea, Robert L. Briggs, Defendants.**

No. 96–CV–6276FE.

United States District Court, W.D. New York.

June 11, 1997.

---

Sanford P. Tanenhaus, Chernin & Gold, Binghamton, NY, for Tracy O. Heuser, C.O.

FELDMAN, United States Magistrate Judge.

The parties in this prisoner's claim under 42 U.S.C. § 1983 have consented to conduct any and all proceedings, including entry of final judgment, in this Court pursuant to 28 U.S.C. § 636(c). Presently before the Court is plaintiff's motion to compel discovery.

## BACKGROUND

Plaintiff Robert Cox ("Cox") initiated this § 1983 action alleging the use of excessive force by defendants Tracy O. Heuser ("Heuser") and Paul F. Vandegrifft ("Vandegrifft") during an incident which occurred on January 17, 1996 at the Southport Correctional Facility where Cox was then residing. On May 14, 1997 Cox filed a motion to compel the production of documents (Docket # 38). Thereafter, on May 20, 1997, the undersigned conducted a discovery conference with the parties' attorneys in an attempt to resolve their discovery disputes. As a result of that conference, Cox voluntarily withdrew all portions of his motion to compel except for request number one. (Cox Notice of Motion # 38) Request number one seeks "[all documents regarding Mr. Heuser's arrest for assault and permission to question him on the subject of his arrest at his deposition.]" Heuser was arrested for assault in 1987 which resulted in an Adjournment in Contemplation of Dismissal ("ACD") pursuant to New York Criminal Procedure Law § 170.55. Cox argues that such evidence may be relevant to his excessive force claim or be admissible for impeachment purposes.

Stanley J. Matusz, J. Nelson Thomas, Nixon, Hargrave, Devans & Doyle, Rochester, NY, for Robert Cox.

Robert Cox, Auburn, NY, pro se.

Emil J. Bove, Office of New York State Attorney General, Rochester, NY, for R.J. McClellan, S. Laguan, Frank N. Grover, Paul Daugherty.

Brian J. O'Donnell, Rowley, Forrest, O'Donnell & Hite, Albany, NY, for Paul F. Vandergrifft, C.O.

On May 29, 1997, defendant Heuser responded to plaintiff's motion and filed a motion for a protective order (Docket # 40). Heuser opposes plaintiff's request on the basis that the material is not relevant. In addition, Heuser argues that his ACD disposition and the underlying facts are not discoverable because his assault arrest became a legal nullity when the charges were dismissed pursuant to New York Criminal Procedure Law § 170.55(8).

## DISCUSSION

The scope of discovery is governed by Fed.R.Civ.P. 26(b)(1) which provides that:

> [p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action.... *The information sought need not be admissible at trial if the information sought appears reasonably calculated to lead to discovery of admissible evidence.*

(emphasis added).

■ This rule is broadly interpreted. *Inmates of Unit 14 v. Rebideau*, 102 F.R.D. 122 (N.D.N.Y.1984). "[D]iscovery is to be considered relevant where there is *any possibility* that the information sought may be relevant to the subject matter of the action." *United States v. International Business Machines Corp.*, 66 F.R.D. 215, 218 (S.D.N.Y. 1974) (emphasis in original). Relevant evidence is any "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." Fed.R.Evid. 401. Admissibility at trial is not the standard for discovery disputes. *King v. Conde*, 121 F.R.D. 180 (E.D.N.Y.1988). Moreover, actions alleging violations of § 1983 require especially generous discovery. *See Inmates of Unit 14 v. Rebideau*, 102 F.R.D. 122, 128 (N.D.N.Y.1984) ("[f]ederal policy favors broad discovery in civil rights actions"). Further, "The burden is on the party resisting discovery to clarify and explain precisely why its objections are proper given the broad and liberal construction of the discovery rules found in the Federal Rules of Civil Procedure." *Obiajulu v. City of Rochester*, 166 F.R.D. 293, 295 (W.D.N.Y.1996).

■ In the present case, Cox alleges that Vandegrifft and Heuser violated his constitutional rights by the use of excessive force and that defendants Frank N. Grover ("Grover") and R.J. McClellan ("McClellan") failed to adequately supervise their officers allowing the alleged violation to occur. Prior civilian complaints made against the defendants and incidents of excessive force by individual defendants are clearly discoverable in § 1983 actions. *See Johnson v. City of Philadelphia*, 1994 WL 612785 (E.D.Pa.) Moreover, evidence which demonstrates that Heuser's supervisors knew about his prior assault may be relevant or lead to relevant evidence to prove plaintiff's claims against Heuser's supervisors. *Vann v. City of New York*, 72 F.3d 1040 (2d Cir.1995).

■ Heuser relies upon his ACD disposition to oppose Cox's discovery demand. He argues that the assault and arrest are not admissible or relevant because he availed himself of an ACD, a state disposition which allows a case to be dismissed under certain circumstances. "To resurrect a matter which does not exist in the eyes of the law defies logic, equity, State law and the FRCP (sic)." Affidavit of Margaret J. Fowler, Esq., (Docket # 40) at § 13.

Heuser's arguments opposing discovery are misplaced. The fact that the criminal charges were dismissed because the defendant engaged in good behavior for six months does not, in and of itself, preclude the admissibility of such conduct under the Federal Rules of Evidence. Indeed, Rules 404(b) and 608(b) specifically contemplate conduct which does not result in a criminal conviction being admissible at trial under certain defined circumstances. Thus, Heuser is incorrect in arguing that the *manner* in which the prior incident involving the use of force was disposed is determinative as to the incident's discoverability.

In civil rights actions, courts have permitted *discovery* of prior similar complaints or incidents regardless of the outcome of those complaints. *See e.g., Unger v. Cohen*, 125 F.R.D. 67, 70 (S.D.N.Y.1989) ("complaints that were abandoned or conciliated may not be admissible at trial, *but that does not make them undiscoverable*"; information about "accusations is an obvious source of 'leads' which resourceful counsel may pursue to [discover] evidence bearing on intent or other facts in issue") (emphasis supplied); *Nembhardt v. City of Rochester*, Civ. 88–497T (W.D.N.Y.1991) (unpublished opinion holding that prior civilian complaint in which officer was exonerated was discoverable). *See also Johnson v. City of Philadelphia*, 1994 WL 612785, *11 (E.D.Pa.) (information concern-

ing prior lawsuits involving the defendant officers alleging claims similar to those in the present suit is discoverable); *Ruther v. Boyle,* 879 F.Supp. 247, 252 (E.D.N.Y.1995) (documents relating to abuses by the defendant police department that were similar to the abuses asserted in the case, "namely false arrests, use of excessive force, and abuse of persons critical of the police department" were discoverable in § 1983 action alleging excessive force); *Woldequiorguis v. City of Rochester,* Civ 93–6404L (W.D.N.Y. 1993) (unpublished opinion holding that in excessive force case information on prior civil rights complaints alleging excessive force are relevant and discoverable). Thus, the fact that a prior complaint was determined to be unfounded does not bar its discovery. Whether the incident resulted in a conviction, a dismissal, a settlement or a lawsuit does not negate the existence of the occurrence itself.

While the underlying facts of the incident may be relevant or lead to relevant evidence for discovery purposes, the admissibility of such evidence at trial is altogether another matter. Once discovery is complete, Heuser may move *in limine* for an Order precluding Cox from offering evidence about the 1987 incident into evidence. If such motion is made, the Court will then be in a position to measure the purpose for which such evidence is offered against the Rules of Evidence controlling the admission of that evidence. *See e.g.,* Fed.R Evid. 404(b) (prior bad acts not admissible to prove an individual's propensity to act in a particular manner, but may be admissible for other purposes, such as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident"); Fed.R.Evid. 608(b) (evidence of prior acts which relate to a witness' truthfulness admissible to impeach witness' credibility); Fed.R.Evid. 403 (relevant evidence may be excluded if its probative value is substantially outweighed by prejudice, confusion or potential for misleading the jury).

Cox cannot argue for the admissibility of facts of which he has no knowledge. Discovery of potentially admissible evidence is the purpose of the broad and liberal discovery principles found in the Federal Rules of Civil Procedure. The discovery sought should be permitted and Heuser's arguments as to relevance, prejudice and admissibility are better left to a motion *in limine* made prior to trial.

### *CONCLUSION*

For the foregoing reasons, paragraph number one of plaintiff's motion to compel (Docket # 38) is **granted.** Defendant Heuser's motion for a protective order (Docket # 40) is **denied.** Defendants shall produce any and all documents in their possession which they have not yet produced that relate to Heuser's 1987 arrest for assault. In addition, Cox shall be permitted to question Heuser during his deposition on the subject of the 1987 arrest and the facts which provided the basis for that arrest.